IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 18 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02548-BNB

VERNEST M. JONES,

    Applicant,

v.

AL ESTEP, Warden, L.C.F., L.C.F., 49030 St. Hwy. 71, Limon, CO 80826, and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO] JOHN SUTHERS,
    Office of the A.G., 1525 Sherman, 5th Floor, Denver, CO,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant Vernest M. Jones is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Limon, Colorado, correctional facility. Mr. Jones filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Although he seeks habeas corpus relief, i.e., the dismissal of the remainder of his sentence on drug charges, his claims challenge the conditions of his confinement.

The Court must construe the habeas corpus application liberally because Mr. Jones is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Jones will be ordered to file an amended application pursuant to 28 U.S.C. § 2254. Mr. Jones also will be directed to bring his claims asserted pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) in a separate civil rights action.

Mr. Jones alleges that he pleaded guilty in Denver District Court to charges of possession of a controlled substance and that he was sentenced to four years in community corrections and to five years of parole. He asserts that the judgment of conviction was entered on October 11, 2000. He alleges that he did not appeal directly from the judgment of conviction. On October 3, 2005, he filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.

In each of his three asserted claims, he attacks his sex offender classification. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The Court has reviewed the application and finds that none of the asserted claims challenges the legality of Mr. Jones's custody. Therefore, none of the claims appears to be asserted pursuant to 28 U.S.C. § 2254. Rather, the claims attack the conditions of Mr. Jones's confinement, i.e., his sex offender classification. Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).

Mr. Jones will be directed to file an amended application that asserts 28 U.S.C. § 2254 claims because none of the claims he currently asserts appears to be asserted pursuant to § 2254. He also will be directed to assert the claims challenging the conditions of his confinement pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) in a separate civil rights action, if he wishes to pursue those claims.

As to any claims he intends to assert pursuant to 28 U.S.C. § 2254(b)(1), Mr. Jones is reminded that an application for a writ of habeas corpus may not be granted

unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Accordingly, it is

ORDERED that Mr. Jones file an amended application **within thirty (30) days from the date of this order**. It is

FURTHER ORDERED that the amended application shall be titled "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" and shall be filed **within thirty (30) days from the date of this order** with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that if Mr. Jones fails to file an amended application to the Court's satisfaction **within thirty (30) days from the date of this order**, the application shall be denied and the action shall be dismissed without further notice. It is

FURTHER ORDERED that the pending motions for speedy disposition, for the

3

court to consider previously submitted exhibits, and for the appointment of counsel are denied as premature.

DATED at Denver, Colorado, this 17th day of January, 2006.

BY THE COURT:

/s/ Boyd N. Boland
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  05-cv-02548-BNB

Vernest M. Jones
Prisoner No. 98313
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on  1/18/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk